# WILLIAM E. BURSON,
*Appellant,*

*v.*

# CUPP,
*Respondent.*

(139,863; CA A30759)

688 P2d 1382

Eric E. Johansen, Salem, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

Petitioner appeals from dismissal of his petition for relief under the Post-Conviction Hearing Act, ORS 138.510-138.680. He asserts that the trial court erred in (1) foreclosing certain issues raised in his petition without a hearing by granting defendant summary judgment when defendant had only moved for partial summary judgment; (2) ruling that he was not denied his constitutional rights because of the manner in which the foreman of the grand jury that indicted him was selected; and (3) in denying him a continuance. We affirm.

■  Under the peculiar facts of this case, we find petitioner's first assignment to be waived. It is true that the scope of the trial judge's order granting summary judgment exceeded the scope of defendant's motion. However, petitioner did not object to the broader order and, in fact, it was petitioner's counsel who prepared the judgment order.

■  Petitioner's second assignment is based on the fact that, at the time he was indicted in Multnomah County, it was the practice there for the jury supervisor, rather than a judge, to select the grand jury foreman and alternate foreman. It is clear that this was a task delegated by the court, at least as a matter of practice. We think it equally clear that the delegation of such authority is not a constitutional violation. *See State v. Gortmaker,* 295 Or 505, 516-18, 668 P2d 354 (1983), *cert denied* ___ US ___, 104 S Ct 1416, 79 L Ed 2d 742 (1984). The trial court did not err in denying post-conviction relief on this ground.

■  Finally, we hold that the trial court did not abuse its discretion, and therefore did not err, in refusing petitioner's request for a continuance to obtain a second deposition from a witness already once deposed.

Affirmed.